J. S33006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                   v.                     :
                                         :
HERMAN GUNTHER,               :        No. 1749 EDA 2014
                                         :
            Appellant         :


Appeal from the Judgment of Sentence, April 11, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0008316-2011


BEFORE: FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 07, 2015**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following appellant's conviction for attempted sexual assault and stalking.[1] Appointed counsel, Robert Trimble, Esq., has filed a petition to withdraw, alleging that the appeal is wholly frivolous, accompanied by an ***Anders*** brief.[2] We will grant counsel's withdrawal petition and affirm the judgment of sentence.

On the morning of June 14, 2011, appellant accosted a female employee of Max Studio Clothing Store on Walnut Street in Philadelphia. At

---

[1] 18 Pa.C.S.A. §§ 901, 3124.1 (attempt, sexual assault), and 2709.1 (stalking).

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

that time, appellant crudely asked the victim if he could perform oral sex on her; he then pushed her against a counter, pulled her dress above her waist, and grabbed her buttocks. Fortunately, the victim screamed and a passerby came to her assistance. Appellant was subsequently charged with attempted rape, attempted sexual assault, aggravated indecent assault, indecent assault, simple assault, false imprisonment, stalking, harassment, and defiant trespass.

On November 25, 2013, pursuant to an open guilty plea agreement, appellant pleaded guilty to attempted sexual assault and stalking, and the Commonwealth **nolle prossed** the remaining charges. On April 11, 2014, the court imposed an aggregate sentence of 6 to 12 years' imprisonment followed by 3 years' probation. Post-sentence motions, which included a motion to withdraw the guilty plea and a motion for reconsideration of sentence, were denied on May 29, 2014, and a timely notice of appeal was filed on June 16, 2014. In response to the trial court's order to file a statement of errors complained of on appeal, appellant's counsel filed a concise statement raising three issues: 1) whether the sentence was excessive; 2) whether the court erred in denying appellant permission to withdraw his plea; and 3) whether the court erred in denying appellant's motion for reconsideration of his sentence.

On August 27, 2014, appellant's counsel filed in this court a motion to withdraw as counsel and an **Anders** brief, wherein counsel states there are

no non-frivolous issues preserved for our review. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to *Anders*, certain requirements must be met, and counsel must:
>
> (1)    provide a summary of the procedural history and facts, with citations to the record;
>
> (2)    refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)    set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting *Santiago*, 978 A.2d at 361.

Our review of Attorney Trimble's application to withdraw, supporting documentation, and *Anders* brief reveals that he has complied with all of the foregoing requirements. We note that counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel,

proceed **pro se**, or raise any additional points that he deems worthy of this court's attention, and attached to the **Anders** petition a copy of the letter sent to appellant as required under **Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005). **See Daniels**, 999 A.2d at 594 ("While the Supreme Court in **Santiago** set forth the new requirements for an **Anders** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in **Millisock** that remain binding legal precedent."). As Attorney Trimble has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of **Anders**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of appellant's appeal.

The first issue put forward by counsel as having possible merit contends that the sentence imposed was excessive, which raises the discretionary aspects of appellant's sentence. "It is firmly established that a plea of guilty generally amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of sentence, and the validity of the guilty plea." **Commonwealth v. Dalberto**, 648 A.2d 16, 18 (Pa.Super. 1994), **appeal denied**, 655 A.2d 983

(Pa. 1995), *cert. denied*, *Dalberto v. Pennsylvania*, 516 U.S. 818 (1995). The *Dalberto* court went on to hold that the discretionary aspects of sentence could be contested following a guilty plea only where the plea was open and the terms of the sentence were not negotiated. *Id.* at 18-22. As the instant sentence was the result of an open guilty plea, appellant may challenge the discretionary aspects of his sentence.

> The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. [*Commonwealth v.*] *Hoch*, 936 A.2d [515 (Pa.Super. 2008)] at 518. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence. We must consider:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015).

We agree with counsel's analysis that appellant cannot present a substantial question in this regard. The trial court announced at sentencing that there was a pre-sentence report, and that it had considered it. (Notes of testimony, 4/11/14 at 4, 16.) As such, the court is presumed to have considered all relevant sentencing factors:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Consequently, appellant can raise no claim that the court failed to consider any proper sentencing factor.

We have also reviewed the sentencing transcript. There is nothing in it that indicates that the trial court considered any improper sentencing factor; thus, appellant could not raise a substantial question on that basis.

Finally, although appellant was subjected to consecutive sentences, the aggregate sentence does not amount to a sentence that is clearly unreasonable and meriting resentencing. *See Commonwealth v. Dodge*, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 980 A.2d 605 (Pa. 2009).

J. S33006/15

In the second issue raised by the concise statement, appellant contended that the trial court erred in not permitting him to withdraw his plea. This issue is likewise frivolous. After a court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014), ***appeal denied***, 105 A.3d 736 (Pa. 2014). There is nothing here that indicates a manifest injustice.

> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super.2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 565 Pa. 79, 84, 771 A.2d 767, 771 (2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super.2002) (citing Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, ***inter alia***, that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super.2003). The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super.2002). Pennsylvania law presumes a defendant who entered

> a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra***.

*Id.*

We have reviewed the guilty plea colloquy and find that the required information was imparted to appellant. Moreover, there is nothing of record that indicates that appellant's plea was not tendered knowingly, intelligently, voluntarily, and understandingly. Therefore, we agree with counsel that any issue raised with regard to the court's decision not to allow appellant to withdraw his plea would be frivolous.

Finally, appellant's concise statement contends that the trial court erred in denying the motion to reconsider sentence. We have already examined appellant's sentence as to its discretionary aspects and found that there is no possible challenge that raises a substantial question that the sentence was not appropriate under the Sentencing Code. At sentencing, the trial court noted its concern with appellant's mental health issues, his lengthy criminal history, and the need to protect the public from appellant. (Notes of testimony, 4/11/14 at 16-18.) Moreover, the trial court was apprised as to all sentencing factors. We see no basis whatsoever for finding that the trial court erred in failing to reconsider its already well-considered sentence. This issue is likewise frivolous.

In sum, we find this appeal to be wholly frivolous, and our independent review of the entire record has not disclosed any other

potentially non-frivolous issues. Consequently, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015